AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**May 2, 2025 9:12 AM**
Lucy H.Carrillo, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br><br>Vaughn Ludwig | )<br>)<br>)  Case No.<br>)  MJ 25-468 WRP<br>)<br>)<br>) |
| _Defendant(s)_ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 1, 2025 _____ in the county of _____ in the

_____ District of _____ Hawaii _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B) | Possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Margaret Blanton, FBI Special Agent
_Printed name and title_

Sworn to under oath telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: _____ May 2, 2025 _____

City and state: _____

Wes Reber Porter
United States Magistrate Judge

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

SARA D. AYABE #9546
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Sara.Ayabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VAUGHN LUDWIG,<br><br>Defendant. | MAG. NO. MJ 25-468 WRP<br><br>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Margaret E. Blanton, being duly sworn telephonically, state the

following is true and correct to the best of my knowledge and belief:

## INTRODUCTION

1.      This affidavit is submitted for the purpose of establishing probable cause that on or around May 1, 2025, within the District of Hawaii, Vaughn Ludwig ("LUDWIG"), the defendant, committed the offense of possession with intent to distribute a controlled substance, namely 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

2.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since July 2011.  Currently, I am assigned to the Hawaii Violent Crime Task Force and investigate violent crimes, firearm offenses, drug trafficking and violent crimes against children.  I was previously assigned to the Los Angeles Metropolitan Task Force on Violent Gangs, in which I investigated the most violent and criminally active gangs and narcotics organizations in the Los Angeles, California area.  Prior to my employment as a Special Agent, I was a Police Officer with the FBI for approximately three years.  During my tenure with the FBI, I have participated in numerous investigations of violent crime and drug trafficking.  Through these investigations, I gained substantial experience collecting evidence, conducting physical surveillance, interviewing subjects and witnesses, executing search warrants, conducting undercover operations, and using

confidential sources.  I have received extensive training in these matters, as well.  I have also worked with other federal agents and law enforcement officers who have investigated these crimes and they have shared their knowledge and experience regarding the manner in which illegal narcotics are obtained, sold, and used. Furthermore, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 United States Code and empowered by law to conduct investigations of and to make arrests for the offenses enumerated in Section 2516 of Title 18, United States Code.  Through my training and experience, I have become familiar with the manner in which criminal offenders operate, and the efforts of those involved in such activities.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents.  This affidavit is intended to show merely that there is sufficient probable cause for the requested Complaint and offense and does not set forth all of my knowledge about this matter.  I have set forth only the facts that I believe are necessary to establish probable cause to support the requested Complaint.

## PROBABLE CAUSE

4.      On May 1, 2025, Investigators conducted surveillance of LUDWIG's residence and observed LUDWIG exit his residence while carrying a brown bag. LUDWIG entered a white Ford four door sedan ("SUBJECT VEHICLE") and

another individual was observed in the front passenger seat.  A Honolulu Police Department (HPD) officer observed LUDWIG conduct multiple moving infractions.  Shortly after, HPD officers conducted a traffic stop of the SUBJECT VEHICLE.

5.    An HPD officer utilized his trained and certified Narcotic Detecting Canine to screen the SUBJECT VEHICLE.  The SUBJECT VEHICLE received a positive alert to the odor of narcotics during the vehicle inspection.  During the subsequent search of the SUBJECT VEHICLE, Investigators recovered a brown bag matching the description of the brown bag LUDWIG was holding when Investigators observed him enter the SUBJECT VEHICLE.  The following items, among other items, were recovered from within the brown bag:

    a.  Three plastic bags containing a white powdery substance which field tested positive for fentanyl, weighing approximately 72.4 gross grams. Laboratory results are pending.

    b.  Two pill bottles with the name "Vaughn Ludwig" on the labels.

6.    Fentanyl is a Schedule II controlled substance.  I know from my training and experience that 72.4 grams of fentanyl is consistent with a distribution amount and is not consistent with a personal use amount.

7.    LUDWIG was then placed under arrest.  After waiving his *Miranda* rights, LUDWIG consented to be interviewed.  LUDWIG, in substance and in part,

admitted to FBI Agents that the fentanyl recovered in the SUBJECT VEHICLE was his and that he was actively engaged in selling fentanyl.

## CONCLUSION

8.      Based on the foregoing, I believe there is probable cause to conclude VAUGHN LUDWIG possessed with intent to distribute a Schedule II controlled substance, namely 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

FURTHER AFFIANT SAYETH NAUGHT.

DATED: Honolulu, Hawaii, May 2, 2025.

Respectfully submitted,

Margaret E. Blanton
Special Agent
Federal Bureau of Investigation

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 2nd day of May, 2025, at Honolulu, Hawaii.



Wes Reber Porter
United States Magistrate Judge